# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SCHUTZ,<br><br>    *Plaintiff*,<br><br>v.<br><br>HARVARD PILGRIM HEALTHCARE, INC.<br><br>    *Defendant.* | Civil Action No. |

## COMPLAINT

Plaintiff Susan Schutz ("Plaintiff") files this Complaint ("Complaint") against Harvard Pilgrim Healthcare, Inc. ("Defendant") and in support states the following:

### Introduction

1. Defendant employs Plaintiff as an Associate Utilization Review Nurse whose primary job is to perform utilization reviews.

2. Prior to November 3, 2019, Defendant paid Plaintiff a salary.

3. Plaintiff regularly works over 40 hours per week.

4. Prior to November 3, 2019, Defendant classified Plaintiff as exempt from state and federal overtime laws and did not pay her overtime for all overtime hours worked.

5. Prior to November 3, 2019, Defendant classified Plaintiff as exempt from state and federal overtime laws and did not pay her overtime for all hours worked over 40 hours in an individual workweek.

6. The utilization reviews performed by Plaintiff consists of reviewing health insurance benefit requests submitted by health care providers against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

7. The Utilization Review Work performed by Plaintiff is non-exempt work.

8. Plaintiff brings this action due to Defendant's misclassification of her position in which she was not paid all earned overtime pay for time she worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. Plaintiff also brings claims under Massachusetts state law under the Massachusetts Minimum Fair Wage Law ("MAWL"), Mass. Gen. L. ch. 151, § 1A.

10. Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her for all earned overtime pay.

**The Parties**

11. Plaintiff has worked for Defendant as an Associate Utilization Review Nurse in this Judicial District from May 2015 - present.

12. Defendant Harvard Pilgrim Healthcare, Inc. is a Massachusetts corporation.

13. Defendant's principal place of business is in Wellesley, Massachusetts.

**Jurisdiction and Venue**

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

15. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as her FLSA claims.

16. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

17. Defendant has established policies and procedures related to the utilization review process to comply with National Committee on Quality Assurance's ("NCQA") accreditation standards.

18. Plaintiff is an LPN and works as a Utilization Review Nurse for Defendant.

19. During her employment with Defendant, Plaintiff primarily performed Utilization Review Work.

20. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

21. In performing her Utilization Review Work for Defendant, Plaintiff only has the authority to **approve** health insurance benefit requests that meet matched predetermined criteria.

22. Plaintiff does not have the authority to **deny** health insurance benefit requests that did not match criteria for approval.

23. Plaintiff's job duties do not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

24. Plaintiff's job duties do not involve providing traditional nursing care to patients or other individuals in a clinical setting or providing direct medical care to patients or other individuals with health issues.

25. Plaintiff's job duties do not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

26. During her employment, Plaintiff's job duties do not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests, diagnosing human responses to actual or potential health problems, providing medical opinions on treatment and medication, or determining whether an issue should be referred for an independent medical evaluation.

27. Defendant requires Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

28. Plaintiff has and continues to work over 40 hours in one or more individual workweeks during the last three (3) years.

29. Plaintiff works approximately 45 to 50 hours per workweek.

30. In early November 2019, Defendant issued Plaintiff a letter stating upon review of the duties of her position that effective November 3, 2019, she would be

classified as a non-exempt employee and entitled to overtime pay for hours over forty in a workweek.

31. Prior to November 3, 2019, Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and MAWL.

32. Prior to November 3, 2019, Defendant paid Plaintiff a salary.

33. Prior to November 3, 2019, when Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

34. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

35. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

36. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

37. Plaintiff is an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

38. Plaintiff is an "employee" of Defendant as defined under the MAWL § 1A.

39. Defendant Harvard Pilgrim HC is Plaintiff's "employer" as defined under the FLSA in § 203(d).

40. Defendant is Plaintiff's "employer" as defined by in 454 Mass Code Regs. § 27.02.

## COUNT I
## Violation of the Fair Labor Standards Act

41. Plaintiff incorporates here the previous allegations of this Complaint.

42. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff when she worked over 40 hours in individual workweeks.

43. Plaintiff was not exempt from the overtime provisions of the FLSA.

44. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

45. Defendant paid Plaintiff a salary and did not pay her overtime compensation for all hours worked over 40 in an individual workweek.

46. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

47. Defendant's failure to pay one-and-one-half times her regular rates for all time worked over 40 hours in a workweek was willful.

## COUNT II
## MAWL – Failure to Pay Overtime

48. Plaintiff incorporates here the previous allegations of this Complaint.

49. This count arises from Defendant's violations of the MAWL by failing to pay overtime to Plaintiff when she worked over 40 hours in individual workweeks.

50. Defendant classified Plaintiff as exempt from the overtime provisions of the MAWL.

51. Plaintiff was not exempt from the overtime provisions of the MAWL.

52. Plaintiff is regularly directed by Defendants to work, and did work, over 40 hours in individual workweeks.

53. Defendant violated the MAWL by failing to pay Plaintiff overtime at one and one-half times her regular rates of pay she worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff;

B. Treble damages;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury.

Respectfully submitted,
Susan Schutz
By her attorney,

/s/ Corinne Hood Greene
Corinne Hood Greene (#654311)
Greene & Hafer, LLC
529 Main St. Ste 124

Charlestown, MA 02129
cgreene@greeneandhafer.com
617-396-4600